**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | | |
|---|---|---|---|
| TRINIA JONES, Individually and as Independent Administrator of the Estate of TREVON JOHNSON, a Minor, Deceased, | ) ) ) ) | | |
| Plaintiffs, | ) ) | No. | 17 cv 01076 |
| v. | ) ) | Honorable Joan B. Gottschall | |
| DUPAGE COUNTY SHERIFF'S OFFICE; and DEPUTY SCOTT KUSCHELL, Individually and as an Agent and/or Employee of the DUPAGE COUNTY SHERIFF'S OFFICE | ) ) ) ) ) | | Hon. M. David Weisman, Magistrate Judge |
| Defendants. | ) | | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff TRINIA JONES, Individually and as Independent Administrator of the Estate of TREVON JOHNSON, Deceased, by and through her attorneys, POWER ROGERS & SMITH, LLP, hereby complaining of Defendants, DUPAGE COUNTY SHERIFF'S OFFICE, and DEPUTY SCOTT KUSCHELL, Individually and as an Agent and/or Employee of the DUPAGE COUNTY SHERIFF'S OFFICE, pleading hypothetically and in the alternative, Plaintiff states as follows:

**PARTIES**

1.      Plaintiff, TRINIA JONES, is a citizen of Illinois State and resident of Dupage County.

2.      Decedent, TREVON JOHNSON, is a citizen of Illinois State and resident of Dupage County.

3.      Defendant, DEPUTY SCOTT KUSCHELL, upon information and belief, is a citizen of Illinois State and resident of Dupage County.

1

4.      Defendant, DUPAGE COUNTY SHERIFF"S OFFICE, is a municipal corporation located in DuPage County, Illinois.

## JURISDICTION AND VENUE

5.      This actions arises under the Constitution and law of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of the Fourth and Fourteenth Amendment of the United States Constitution. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331, 1343.

42 U.S.C. § 1981 provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourteenth Amendment provides, in pertinent part:

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

6.    Supplemental jurisdiction over the pendent state law claims is proper pursuant to 28 U.S.C. §§ 1367(a), 1983, and the Fourth and Fourteenth Amendments of the United States Constitution as they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

7.    Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c), as the judicial district in which Defendants reside, and the acts or occurrences giving rise to these claims took place in Illinois.

## Index of Counts

Count I— Wrongful Death
Count II— Survival
Count III— Excessive Force
Count IV— Infliction of Emotional Distress

## Facts Common to all Counts

8.    On or about January 1, 2017, about 11:30p.m., and at all times material, Standish Lane was a public street running generally east and west, within the City of Villa Park, County of DuPage, State of Illinois.

9.     On or about January 1, 2017, and at all times material, the Decedent, TREVON JOHNSON was a 17 year old teenager and minor, who resided at 17W747 Standish Lane in the City of Villa Park, County of DuPage, State of Illinois.

10.    On or about January 1, 2017, and at all times material, TREVON JOHNSON, resided at the home at the aforesaid location, celebrating the holidays with other members of his family, including, Plaintiff, TRINIA JONES.

11.    On or about January 1, 2017, and at all times material, Defendant, DUPAGE COUNTY

SHERIFF'S OFFICE, received 911 calls from the aforesaid location, reporting a disturbance and

seeking assistance.

12.     On or about January 1, 2017, and at all times material, the first 911 call, from an

unidentified individual, informed the dispatcher:

> That there was a domestic violence situation at the aforesaid address and she needed
> police assistance. The caller explains that her brother is picking up items around the
> house and throwing the aforesaid items, but makes clear that there are no guns in the
> house.

13.     On or about January 1, 2017, and at all times material, the second 911 call, from Robert

Pelts, who identified himself as TREVON JOHNSON's brother, requesting assistance:

> Robert tells the dispatcher that both he and TREVON JOHNSON are upstairs in the
> home, which contained six or seven people, but they are "nowhere near" each other.
> The dispatcher inquires as to "what kind of knife" TREVON JOHNSON "**had**" and
> Robert says that he thinks it **was** a "house knife, a kitchen knife," and the dispatcher
> offers the description "large like a kitchen knife? Like a carving knife?"

14.     On or about January 1, 2017, and at all times material, the third call, was made to TRINIA

JONES, by a dispatcher and described:

> Ms. Jones describes that it was just a "sister and brother" situation. When the dispatcher
> asks about "the knife," she is informed that TREVON JOHNSON did not have a knife.
> Further, TRINIA JONES informs the dispatcher that the household does not even
> contain a "large kitchen knife."

15.     On or about January 1, 2017, and at all times material, as discussed through the aforesaid

calls, the 911 dispatcher was informed that 17 year old TREVON JOHNSON, was upstairs in the

aforesaid home.

16.     On or about January 1, 2017, and at all times material, as discussed through the aforesaid

calls, the 911 dispatcher knew or should have known that the dispute between TREVON

JOHNSON and his sister was over.

17.     On or about January 1, 2017, and at all times material, the 911 dispatcher knew or should

have known that there was no threat at the aforesaid home and failed to timely inform DEPUTY SCOTT KUSCHELL before, or while dispatching DEPUTY SCOTT KUSCHELL to the aforesaid address.

18.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL was dispatched to the aforesaid location.

19.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL and DUPAGE COUNTY SHERIFF'S OFFICE, by and through its employees, dispatchers, officers, and/or deputies, including DEPUTY SCOFF KUSCHELL, knew or should have known that DEPUTY SCOTT KUSCHELL did not have adequate information provided through the 911 dispatcher and did not wait for proper information before proceeding to the aforesaid location.

20.     On or about January 1, 2017, and at all times material, upon arrival at the aforesaid location, DEPUTY SCOTT KUSCHELL could see and therefore, knew or should have known that the dispute between TREVON JOHNSON and his sister had ended and that TREVON JOHNSON had no weapons.

21.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL entered the home located at 17W747 Standish Lane in Villa Park, Illinois.

22.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL was told and therefore, knew or should have known that TREVON JOHNSON was upstairs with his grandmother and his sister was downstairs.

23.     On or about January 1, 2017, and at all times material, upon DEPUTY SCOTT KUSCHELL's arrival, the residents present at the aforesaid home informed, DEPUTY SCOTT KUSCHELL that TREVON JOHNSON was unarmed.

24.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL

unholstered his firearm, raised it, and pointed the aforesaid firearm at or in the direction of Mr. Willie Bradley, TREVON JOHNSON's grandfather when Willie Bradley opened the door for DEPUTY SCOTT KUSCHELL.

25.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL continued to point the aforesaid firearm at the residents of the aforesaid home, including Robert Pelts, TREVON JOHNSON's brother.

26.     On or about January 1, 2017, and at all times material, TREVON JOHNSON, was on the second floor of the home at 17W747 Standish Lane, while his sister was on the first floor of the house.

27.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL ordered TREVON JOHNSON to come downstairs at the aforesaid home.

28.     On or about January 1, 2017, and at all times material, TREVON JOHNSON, complied with the officer's instructions and lawfully responded to DEPUTY SCOTT KUSCHELL's order and proceeded down the stairway in the aforesaid home.

29.     On or about January 1, 2017, and at all times material, TREVON JOHNSON, was unarmed and presented no threat to DEPUTY SCOTT KUSCHELL.

30.     On or about January 1, 2017, and at all times material, TREVON JOHNSON, while unarmed, proceeded down the stairway as instructed, with his hands raised above his head.

31.     On or about January 1, 2017, and at all times material, while TREVON JOHNSON lawfully responded to the DEPUTY SCOTT KUSCHELL's order, DEPUTY SCOTT KUSCHELL was not seeking updated information or waiting for assistance.

32.     On or about January 1, 2017, and at all times material, while TREVON JOHNSON was lawfully responding to the DEPUTY SCOTT KUSCHELL's order, the 911 dispatchers were not

updating DEPUTY SCOTT KUSCHELL with pertinent information.

33.     On or about January 1, 2017, and at all times material, while TREVON JOHNSON was proceeding down the stairway as instructed, DEPUTY SCOTT KUSCHELL immediately and unreasonably discharged his weapon, firing a hail of bullets in the direction of and into TREVON JOHNSON in the home where TRINIA JONES and other members of decedent TREVON JOHNSON's family were located.

34.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL fired the aforesaid shots at and in the direction of TREVON JOHNSON, striking TREVON JOHNSON with bullets.

35.     On or about January 1, 2017, and at all times material, when DEPUTY SCOTT KUSCHELL shot the Decedent, TREVON JOHNSON, inside the home at 17W747 Standish Lane, Villa Park, Illinois, before and at the time that he fired his weapon, there had been no physical contact, altercation, reasonable threat, or injury, to DEPUTY SCOTT KUSCHELL.

36.     On or about January 1, 2017, and at all times material, at the time DEPUTY SCOTT KUSCHELL fired his weapon in the aforesaid home, striking TREVON JOHNSON, there was a significant distance between TREVON JOHNSON and DEPUTY SCOTT KUSCHELL such that TREVON JOHNSON posed no objectively reasonable threat to DEPUTY SCOTT KUSCHELL.

37.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL and was acting under color of law when he went to the premises, drew his weapon and fired his weapon at or in the direction of the Decedent, TREVON JOHNSON, and other members of his family, striking TREVON JOHNSON.

38.     On or about January 1, 2017, and at all times material, DEPUTY SCOTT KUSCHELL shot the Decedent, TREVON JOHNSON, while acting within the course and scope of his

employment with DUPAGE COUNTY SHERIFF'S OFFICE.

39.     On or about January 1, 2017, and at all times material, there was no legal justification to point, threaten, or fire a firearm at, or utilize deadly force against the Decedent, TREVON JOHNSON.

40.     On or about January 1, 2017, and at all times material, there was no legal justification to shoot the Decedent, TREVON JOHNSON.

41.     On or about January 1, 2017, and at all times material, the shooting of TREVON JOHNSON by DEPUTY SCOTT KUSCHELL, was unjustified and exhibited a conscious disregard for the safety of TREVON JOHNSON as well as his family members.

42.     On or about January 1, 2017, and at all times material, the shooting of TREVON JOHNSON by DEPUTY SCOTT KUSCHELL was an excessive use of force.

43.     On or about January 1, 2017, and at all times material, the shooting of TREVON JOHNSON by DEPUTY SCOTT KUSCHELL, constitutes reckless, willful and wanton conduct by the deputy.

44.     On or about January 1, 2017, and at all times material, the shooting of TREVON JOHNSON by DEPUTY SCOTT KUSCHELL, constitutes an unjustifiable homicide.

45.     On or about January 1, 2017, and at all times material, neither the Decedent, TREVON JOHNSON, nor Plaintiff, TRINIA JONES, nor any other person at or inside the house located at 17W747 Standish Lane, Villa Park, Illinois, ever posed a danger or threat of harm to any DUPAGE COUNTY SHERIFF'S Deputy, including, DEPUTY SCOTT KUSCHELL.

46.     On or about January 1, 2017, and at all times material, the Decedent, TREVON JOHNSON, did not at any point threaten or in any way endanger the lives of any law enforcement office or civilians prior to being shot by DEPUTY SCOTT KUSCHELL.

47.     On or about January 1, 2017, and at all times material, the Decedent, TREVON JOHNSON, was not violating any law, rules, or ordinances immediately before he was shot, at the time he was shot, and immediately after he was shot.

48.     On or about January 1, 2017, and at all times material, after shooting, TREVON JOHNSON, DEPUTY SCOTT KUSCHELL did not check on the well-being of TREVON JOHNSON, thereby allowing him to continue to suffer until he ultimately died on or about January 2, 2017.

49.     On or about January 1, 2017, and at all times material, a second DUPAGE COUNTY SHERIFF'S OFFICE Deputy and/or Employee, arrived and found no knife present. Additionally, said DUPAGE COUNTY SHERIFF'S OFFICE Deputy and/or Employee, made no attempt to check on the well-being of TREVON JOHNSON.

50.     On or about January 1, 2017, and at all times material, no attempt to use less than lethal force was made by any DUPAGE COUNTY SHERIFF'S OFFICE Deputy, including, DEPUTY SCOTT KUSCHELL prior to shots being fired in the direction and/or at TREVON JOHNSON and his home at 17W747 Standish Lane, in Villa Park, Illinois.

51.     On or about January 2, 2017, and at all times material, as a direct and proximate result of DEPUTY SCOTT KUSCHELL's conduct, TREVON JOHNSON was injured and died as a direct and proximate result of being shot by the DEPUTY SCOTT KUSCHELL.

52.     The January 2, 2017, shooting of TREVON JOHNSON was one of several police involved shootings to occur in the State of Illinois, and the United States as a whole, under circumstances that did not justify or warrant the use of lethal and/or deadly force.

53.     The January 2, 2017, shooting of TREVON JOHNSON was one of several police involved shootings and post-shooting investigations to occur in the United States suggesting a policy and

practice of condoning, permitting, and/or otherwise authorizing the use of excessive and/or deadly force when it is not warranted and/or not in compliance with accepted industry police practices and investigative procedures by police departments, including DUPAGE COUNTY SHERIFF'S OFFICE.

### Count I
### WRONGFUL DEATH OF TREVON JOHNSON
### RECKLESS, WILLFUL & WANTON CONDUCT EXHIBITING A CONSCIOUS
### DISREGARD FOR THE SAFETY OF INNOCENT CITIZENS

1-53.   Plaintiff re-alleges Paragraphs 1 through 53 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

54.     On or about January 1, 2017, and at all times material, Defendant, DEPUTY SCOTT KUSCHELL, was acting under color of law in responding to a domestic disturbance call.

55.     On or about January 1, 2017, and at all times material, at the aforesaid time and place, Defendant, DEPUTY SCOTT KUSCHELL, had a duty to exercise ordinary care and caution for the safety and welfare of other persons like Plaintiff TREVON JOHNSON.

56.      At the aforesaid time and place, Defendant, DEPUTY SCOTT KUSCHELL had a duty to exercise ordinary care and caution for the safety and welfare of the persons present at 17 W. 747 Standish Lane, including TREVON JOHNSON.

57.     At the aforesaid time and place, DEPUTY SCOTT KUSCHELL breached his duty to TREVON JOHNSON by acting in a reckless, willful and wanton manner, which exhibited an utter indifference to and/or conscious disregard for the safety of citizen, including TREVON JOHNSON, in one or more of the following respects:

   a. Fired a gun multiple times and shot at a home he knew or should have known to be occupied by innocent citizens who would be at risk of injury or death; or
   b. Fired a gun multiple times and shot in the direction of one or more innocent citizens who he knew or should have known would be at risk of serious injury or death; or
   c. Fired a gun multiple times and shot without legal or lawful justification to do so; or
   d. Fired a gun multiple times and shot without being in reasonable fear for his life or the life of others; or

10

e. Handled and discharged his weapon in such a manner as to shoot TREVON JOHNSON; or

f. Handled and discharged his weapon in such a manner as to shoot the TREVON JOHNSON without legal or lawful justification; or

g. Handled and discharged his weapon in such a manner while responding to a call in such a manner as to shoot the TREVON JOHNSON without legal or lawful justification; or

h. Used deadly force without legal or lawful justification; or

i. Failed to exercise the proper level of force that was warranted under the circumstances; or

j. Used excessive force without legal or lawful justification; or

k. Used excessive force without warning TREVON JOHNSON; or

l. Failed to provide medical care to TREVON JOHNSON after causing him injuries;

m. Failed to timely request medical care and assistance for Trevon; and/or

n. Engaged in a practice and course of conduct of using lethal force when it was not warranted; or

o. Engaged in a practice and course of conduct of utilizing excessive force and post-incident investigation that condones and supports the use of such force even when it is unjustified by the circumstances; or

p. Was otherwise willful and wanton and/or negligent.

58. As a direct and proximate result of one or more of the aforesaid reckless, willful and wanton acts and/or omissions, Plaintiff's Decedent, TREVON JOHNSON, sustained injuries which resulted in his injury, pain and suffering, disability, loss of enjoyment of a normal life, and ultimate death.

59. Decedent, TREVON JOHNSON is survived by his mother and siblings who have suffered and who will continue to loss of love, care, affection, guidance, counsel, attention, services, resources, benefits, and other damages as a result of the actions and/or omissions of the Defendant.

60. The Plaintiff, TRINIA JONES, is the duly appointed Independent Administrator of the Estate of TREVON JOHNSON, and brings this action on behalf of all known and unknown heirs, pursuant to all applicable laws, including the Illinois Wrongful Death Act, 740 ILCS 180/1.

WHEREFORE, Plaintiff, TRINIA JONES, Individually and as Independent Administrator of the Estate of TREVON JOHNSON, deceased, demands judgment against Defendants, DUPAGE COUNTY SHERIFF'S OFFICE, and DEPUTY SCOTT KUSCHELL, Individually and

as an Agent and/or Employee of the DUPAGE COUNTY SHERIFF'S OFFICE, in an amount in

excess of the jurisdictional amount of $75,000.00 which shall represent fair and just compensation.

## Count II
### SURVIVAL – TREVON JOHNSON
### RECKLESS, WILLFUL & WANTON CONDUCT EXHIBITING A CONSCIOUS DISREGARD FOR THE SAFETY OF INNOCENT CITIZENS

1-53.    Plaintiff re-alleges Paragraphs 1 through 53 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

54.    On or about January 1, 2017, and at all times material, Defendant DEPUTY SCOTT KUSCHELL, was acting under color of law in responding to a domestic disturbance call.

55.    On or about January 1, 2017, and at all times material, at the aforesaid time and place, Defendant, DEPUTY SCOTT KUSCHELL, had a duty to exercise ordinary care and caution for the safety and welfare of other persons like Plaintiff TREVON JOHNSON.

56.    At the aforesaid time and place, DEPUTY SCOTT KUSCHELL breached his duty to TREVON JOHNSON by acting in a reckless, willful and wanton manner, which exhibited an utter indifference to and/or conscious disregard for the safety of citizens, including TREVON JOHNSON, in one or more of the following respects:

a. Fired a gun multiple times and shot at a home he knew or should have known to be occupied by innocent citizens who would be at risk of injury or death; or
b. Fired a gun multiple times and shot in the direction of one or more innocent citizens who he knew or should have known would be at risk of serious injury or death; or
c. Fired a gun multiple times and shot without legal or lawful justification to do so; or
d. Fired a gun multiple times and shot without being in reasonable fear for his life or the life of others; or
e. Handled and discharged his weapon in such a manner as to shoot TREVON JOHNSON; or
f. Handled and discharged his weapon in such a manner as to shoot the TREVON JOHNSON without legal or lawful justification; or
g. Handled and discharged his weapon in such a manner while responding to a call in such a manner as to shoot the TREVON JOHNSON without legal or lawful justification; or
h. Used deadly force without legal or lawful justification; or
i. Failed to exercise the proper level of force that was warranted under the circumstances; or
j. Used excessive force without legal or lawful justification; or
k. Used excessive force without warning TREVON JOHNSON; or
l. Failed to provide medical care to TREVON JOHNSON after causing him injuries;

      m. Failed to timely request medical care and assistance for Trevon; and/or

      n. Engaged in a practice and course of conduct of using lethal force when it was not warranted; or

      o. Engaged in a practice and course of conduct of utilizing excessive force and post-incident investigation that condones and supports the use of such force even when it is unjustified by the circumstances; or

      p. Was otherwise willful and wanton and/or negligent.

57.    As a direct and proximate result of one or more of the aforesaid reckless, willful and wanton acts and/or omissions, Plaintiff's Decedent, TREVON JOHNSON, sustained injuries which resulted in his injury, pain and suffering, disability, loss of enjoyment of a normal life, and ultimate death.

58.    The Plaintiff, TRINIA JONES, is the duly appointed Independent Administrator of the Estate of TREVON JOHNSON.

59.    Plaintiff's Decedent, TREVON JOHNSON, had a cause of action for said pain and suffering, mental anguish and emotional distress, disability, loss of a normal life and disfigurement for the period of time from Defendants' first acts of negligence until his death. This cause of action survived Plaintiff's decedent and accrued to the Plaintiff, TRINIA JONES as Independent Administrator of the Estate of TREVON JOHNSON, Deceased, by virtue of the Illinois Survival Statute (755 ILCS 5/27-6).

WHEREFORE, Plaintiff, TRINIA JONES, Individually and as Independent Administrator of the Estate of Trevon Johnson, deceased, demands judgment against Defendants, DUPAGE COUNTY SHERIFF'S OFFICE, and DEPUTY SCOTT KUSCHELL, Individually and as an Agent and/or Employee of the DUPAGE COUNTY SHERIFF'S OFFICE, in an amount in excess of the jurisdictional amount of $75,000.00 which shall represent fair and just compensation.

<u>COUNT III</u>
**Violation of Civil Rights Pursuant to § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments**

1-53.    Plaintiff re-alleges Paragraphs 1 through 53 above of this Complaint, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

54.    On or about January 1, 2017, and at all times relevant, the conduct of Defendant DEPUTY SCOTT KUSCHELL, acting under the color of law, constituted excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

55.    The misconduct described within this Count was committed in an objectively unreasonable fashion and constituted unjustifiable, and excessive force and undertaken with an intentional and willful indifference to the constitutional rights of TREVON JOHNSON, thus violating TREVON JOHNSON's Fourth Amendment constitutional rights.

56.    As a direct and proximate result of Defendant DEPUTY SCOTT KUSCHELL's unjustified excessive force, TREVON JOHNSON, suffered painful and catastrophic bodily injuries that ultimately resulted in his death on January 2, 2017.

57.    On or about January 1, 2017, and at all times relevant, Defendant, DEPUTY SCOTT KUSCHELL, violated TREVON JOHNSON's constitutional rights, including under the Fourth and Fourteenth Amendments, in one or more of the following respects:

    a.  Failed to follow proper police procedures; and/or
    b.  Recklessly threatened Plaintiff TREVON JOHNSON with the use of force intended to kill; and/or
    c.  Recklessly fired a weapon at Plaintiff TREVON JOHNSON, an unarmed person who posed no imminent threat of death or serious bodily harm; and/or
    d.  Used excessive force on Plaintiff TREVON JOHNSON; and/or
    e.  Used excessive force without legal or lawful justification; or
    f.  Used excessive force without warning TREVON JOHNSON; or
    g.  Failed to provide medical care to TREVON JOHNSON after causing him injuries;
    h.  Failed to timely request medical care and assistance for Trevon; and/or
    i.  Engaged in a practice and course of conduct of using lethal force when it was not warranted; or

      j.   Engaged in a practice and course of conduct of utilizing excessive force and post-incident investigation that condones and supports the use of such force even when it is unjustified by the circumstances; or

      k.  Was otherwise willful and wanton and/or negligent.

58.    The misconduct described within this Count was undertaken by Defendant, DEPUTY SCOTT KUSCHELL, within the course and scope of his employment with the DUPAGE COUNTY SHERIFF'S OFFICE, and under the color of law.

      WHEREFORE, Plaintiff, TRINIA JONES, Individually and as Independent Administrator of the Estate of Trevon Johnson, deceased, demands judgment against Defendants, DUPAGE COUNTY SHERIFF'S OFFICE, and DEPUTY SCOTT KUSCHELL, Individually and as an Agent and/or Employee of the DUPAGE COUNTY SHERIFF'S OFFICE, in an amount in excess of the jurisdictional amount of $75,000.00 which shall represent fair and just compensation.

## COUNT IV
### INFLICTION OF EMOTIONAL DISTRESS

1-53.  Plaintiff re-alleges Paragraphs 1 through 53 of the Facts Section above, inclusive, and incorporates those Paragraphs herein, as though fully set forth.

54.  On or about January 1, 2017, and at all relevant times, Defendant, DEPUTY SCOTT KUSCHELL, had a duty to serve and protect citizens of Villa Park, including TRINIA JONES.

55.  On or about January 1, 2017, and at all times relevant, Defendant, DEPUTY SCOTT KUSCHELL, had a duty to refrain from engaging in reckless, willful or wanton conduct or conduct which exhibited a conscious disregard for the safety of citizens like TRINIA JONES.

56.  At the time and place alleged, Defendant, DEPUTY SCOTT KUSCHELL, breached his duty to TRINIA JONES by acting in an intentional and reckless, willful and wanton manner, which exhibited an utter indifference to and/or conscious disregard for the safety of citizens, including TRINIA JONES, in one or more of the following respects:

   a.  Fired a gun multiple times and shot at a home he knew or should have known to be occupied by innocent citizens who would be at risk of injury or death; or
   b.  Fired a gun multiple times and shot in the direction of one or more innocent citizens who he knew or should have known would be at risk of serious injury or death; or
   c.  Fired a gun multiple times and shot without legal or lawful justification to do so; or
   d.  Fired a gun multiple times and shot without being in reasonable fear for his life or the life of others; or
   e.  Engaged in a practice and course of conduct of using lethal force when it was not warranted; or
   f.  Engaged in a practice and course of conduct of utilizing excessive force and post-incident investigation that condones and supports the use of such force even when it is unjustified by the circumstances; or
   g.  Was otherwise willful and wanton and/or negligent.

57.  As a direct and proximate result of one or more of the aforesaid intentional and/or reckless, willful and wanton acts and/or omissions, Plaintiff, TRINIA JONES, sustained emotional distress injuries as a result of being in the zone of danger and having bullets intentionally and recklessly fired by DEPUTY SCOTT KUSCHELL at and/or near her direction, inside of her home.

WHEREFORE, Plaintiff, TRINIA JONES, Individually and as Independent Administrator of the Estate of Trevon Johnson, deceased, demands judgment against Defendants, DUPAGE COUNTY SHERIFF'S OFFICE, and DEPUTY SCOTT KUSCHELL, Individually and as an Agent and/or Employee of the DUPAGE COUNTY SHERIFF'S OFFICE, in an amount in excess of the jurisdictional amount of $75,000.00 which shall represent fair and just compensation.

THE PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Respectfully Submitted,
POWER ROGERS & SMITH, LLP


By: ___/s/ Larry R. Rogers Jr._____
        Larry R. Rogers, Jr., Attorney for Plaintiff

Larry R. Rogers, Jr.    (#6220743)
POWER ROGERS & SMITH, LLP
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
lrogersjr@prslaw.com

18