# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRINIA JONES, Individually and as Independent Administrator of the Estate of TREVON JOHNSON, a Minor, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> DUPAGE COUNTY SHERIFF'S OFFICE; and DEPUTY SCOTT KUSCHELL, Individually and as an Agent and/or Employee of DUPAGE COUNTY SHERIFF'S OFFICE <br><br> Defendants. | Case No. 17 CV 1076 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Defendant DuPage County Sheriff's Office ("the Sheriff") has filed a motion for leave to file an amended answer and an affirmative defense to plaintiff's state law claims. Specifically, the Sheriff seeks to rely on § 2-202 of the Illinois Tort Immunity Act, which provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Plaintiff claims that she will be unduly prejudiced by the addition of this defense after more than a year of discovery. Taking this opportunity to clarify that the party moving to amend a pleading has the burden to prove the absence of undue prejudice, *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994), the court denies the motion.

### Procedural Background

Plaintiff Trinia Jones ("Jones") sues as the Independent Administrator of the Estate of 17-year-old Trevon Johnson ("Johnson"). *See* 1st Am. Compl. ["FAC"] at 1, ECF No. 21. On New

Year's Day 2017, DuPage County Sheriff's Deputy Scott Kuschell ("Kuschell") responded to a 911 call requesting police assistance at Johnson's home in Villa Park, Illinois. *See* Ans. to 1st Am. Compl. ¶¶ 9–18, ECF No. 24. Kuschell shot Johnson, killing him. Defendants dispute the facts surrounding the shooting. *See id.* ¶¶ 19–34. According to the First Amended Complaint ("FAC"), Johnson was unarmed; neither he nor anyone else in the home posed a threat; and the shooting was unjustified. *See id*. ¶¶ 35–46. Jones brings a Fourth Amendment excessive force claim under 42 U.S.C. § 1983 and Illinois law survival, wrongful death, and infliction of emotional distress claims.[1]

Jones initiated this action in February 2017 by filing her complaint against the DuPage County Sheriff's Office and a then-unknown sheriff's deputy.[2] *See* ECF No. 4 at 1. After obtaining leave of court, Jones amended her complaint on May 10, 2017. In it, she identified the previously unidentified sheriff's deputy as Kuschell. *See* ECF No. 21 at 1. The defendants separately answered the FAC on July 10, 2017. ECF Nos. 23, 24.

Discovery began in or before the next month. The court initially set June 1, 2018, as the deadline for completing fact discovery. Minute Entry, Aug. 4, 2017, ECF No. 27. The parties filed two agreed motions to extend the fact discovery deadline, first to August 30, 2018, and then to November 30, 2018; both were granted. *See* ECF Nos. 30, 33. In the first motion, the parties told the court that Kuschell's deposition had been taken on May 17, 2018[3], and that depositions scheduled for later that month had to be rescheduled. *See* ECF No. 30 at 1. In the second, the

---

[1] Plaintiff does not specify whether she brings a claim for negligent or intentional infliction of emotional distress (or both). *See* FAC ¶¶ 54–57.
[2] The docket sheet has two, duplicate entries labeled "Amended Complaint," ECF Nos. 4 and 9, and plaintiff's live pleading labeled "First Amended Complaint," ECF No. 21. Plaintiff filed her original complaint, ECF No. 1, in error, and the court struck it at her request. *See* ECF No. 8. Thus, plaintiff's amended complaint filed February 13, 2017, effectively operated as her initial pleading.
[3] A prior filing gives the date of Kuschell's deposition as May 17, 2017, ECF No. 30 at 1, but plaintiff's response to the instant motion makes clear that Kuschell's deposition was in fact taken some time in May of 2018, ECF No. 43 at 1.

2

parties represented that they had taken four depositions and agreed to take nine more. *See* ECF No. 33 at 1.

With just under a month of fact discovery to go, on November 2, 2018, defendants filed the instant motion for leave to file an amended answer. At the presentment hearing, Jones, through counsel, stated that the motion was opposed, but if the court grants the motion, plaintiff would like to extend the deadline for completing fact discovery. The court permitted the parties to address extending the fact discovery deadline without filing a separate motion, and they have done so here.

**Legal Standard**

Because no deadline to amend pleadings has been set, Federal Rule of Civil Procedure 15(a)(2) governs the Sheriff's motion for leave to amend its answer. *Cf. Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (discussing more demanding standard governing a motion for leave filed after the deadline to amend pleadings set in a Fed. R. Civ. P. 16 scheduling order). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires" before trial. Rule 15(a)(2) affords "[d]istrict courts . . . broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)); *accord Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (quoting *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001)).

**Analysis**

The Sheriff waited more than 16 months from the filing of the FAC on May 10, 2017, and the instant motion on November 2, 2018, to seek to add its affirmative defense. And, as

Jones points out, the Sheriff gives no cogent explanation for waiting so long, though it states in its reply that the omission of its § 2-202 defense from its original answer was an oversight. *See* ECF No. 45 at 3. Nonetheless, "[d]elay alone is usually not sufficient to deny a motion for leave to amend" under Rule 15(a)(2). *Arrigo*, 836 F.3d at 797 (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)). A decision to deny leave to amend must rest on some ground above and beyond the delay itself, "typically prejudice" to another party resulting from the delay. *Dubicz*, 377 F.3d at 793; *see also McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) ("The underlying concern is the prejudice to the defendant rather than simple passage of time.") (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–74 (7th Cir. 1995)) (other citation omitted).

For instance, in *Sanders* the Seventh Circuit affirmed the denial of the plaintiff's motion for leave to amend the complaint to add new claims. *See* 56 F.3d at 773–74. The prejudice defendant would suffer was, according to the Seventh Circuit, "apparent" from the facts that plaintiff moved for leave to amend 19 days after discovery closed and the fact that the defendant had already filed a motion for summary judgment. *See id.* By way of contrast, discovery remained ongoing when the defendant moved to add an affirmative defense in *Brown v. Yellow Transportation, Inc.* [hereinafter *Brown I*], one of the cases on which the Sheriff's Office relies. *See* 2010 WL 152000, at *3 (N.D. Ill. Jan. 14, 2010) (Gottschall, J.) (granting motion for leave to amend answer).

Here, as in *Sanders*, Jones will be "forc[ed] . . . to re-litigate the dispute on new bases . . . and to incur new rounds of additional and costly discovery" if the Sheriff is permitted to introduce a new affirmative defense at the conclusion of fact discovery. *Sanders*, 56 F.3d at 774. The record shows that more than ten depositions have been taken, including Kuschell's in May

2018.  Jones tells the court in her response brief that "most of the other witnesses would need to be redeposed," at considerable cost, if the Sheriff is granted leave to amend.  Resp. Mot. Leave ¶ 8, ECF No. 43.  The Sheriff counters that Jones is not specific enough; she has not explained how any deposition would have been different had the defense been pleaded when the deposition was taken.  *See* Reply 3, ECF No. 45.  To alleviate any prejudice, the Sheriff offers to reopen depositions to permit her to address any specific issues she identifies.  *Id.* at 2.

By insisting that Jones state more specifically what prejudice she will suffer if the amendment is allowed, the Sheriff seeks to shift to her its burden of proof.  The Seventh Circuit held in *King v. Cooke* that "[t]he party seeking to amend has the burden of showing that undue prejudice will not result to the non-moving party."  *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (citing *King*, 26 F.3d at 724); *accord Wilson v. Grundfos*, 2017 WL 5001472, at *3 (N.D. Ill. Nov. 2, 2017); *Garner v. City of Country Club Hills*, 2013 WL 6730184, at *2 (N.D. Ill. Dec. 20, 2013) (citing *King, supra*); *Memberselect Ins. Co. v. Electrolux Home Prods., Inc.*, 2015 WL 6955486, at *2 (N.D. Ill. Nov. 10, 2015) (citations omitted).  To the extent dicta in this court's decisions can be read as inconsistent with *King* on this point, *King* must of course prevail.  *See Brown v. Yellow Transp., Inc.*, 2010 WL 2911786, at *2 (N.D. Ill. July 26, 2010) [hereinafter *Brown II*]; *Brown I*, at *3; *see also Parker v. EMC Mortg. Corp.*, 2014 WL 7205474, at *4 (N.D. Ill. Dec. 18, 2014); *Dugan v. Selco Indus., Inc.*, 1997 WL 701336, at *3 n.2 (N.D. Ill. Nov. 6, 1997).

Jones has not had an opportunity to respond to the Sheriff's invitation to conduct limited discovery because the Sheriff extended the invitation in its reply, but the offer itself tacitly admits that some additional discovery may be needed.  To decide whether the prejudice is undue, the court must determine how much duplicative discovery Jones will likely need to conduct.

5

*See, e.g., Sommerfield v. City of Chicago,* 2008 WL 4542954, at *7 (N.D. Ill. Apr. 29, 2008) (Gottschall, J.) (granting plaintiff's motion for leave to add new claims to complaint based on his representation that he would need to conduct no additional discovery and finding that defendant's need for any additional discovery could be provided by a "further, short" extension of the deadline to complete fact discovery).

Because the proposed new defense by its nature changes what Jones must prove on all of her state law claims, significant additional discovery will likely need to be taken here. *Cf. id.* at *7 (additional discovery would not need to be taken); *McDaniel*, 317 F.R.D. at 78 (finding no undue prejudice where additional discovery was limited to "narrow discovery topics that should not greatly impact the progress of this case"). The general reason that new depositions will be necessary can be found in the Sheriff's reply brief: "[T]he affirmative defense relates only to the level of proof for the state tort claim . . . ." ECF No. 45 at 2. Relying on the Sheriff's answer, Jones has been justified in conducting over a year of discovery geared to proving ordinary negligence. True, as defendants point out, Jones pleaded in the FAC that Kuschell's conduct was "willful and wanton," FAC ¶¶ 43, 56, 57, but when defendants did not plead the § 2-202 defense in their answers, Jones had every reason to believe the Sheriff had waived it, making the standard of care she had to prove ordinary negligence. *See* Fed. R. Civ. P. 8(c); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (failure to plead affirmative defense in answer waives the defense unless leave to amend is granted); *see also Wilson v. City of Chicago*, 758 F.3d 875, 880 (7th Cir. 2014) (citing *Davis v. City of Chicago*, 8 N.E.3d 120 (Ill. App. Ct. [1st Dist.] 2014) (statutory immunity is an "affirmative defense"); *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 820 (N.D. Ill. 2002) (citing *Mich. Ave. Nat'l Bank v. Cty. of Cook*, 732 N.E.2d 528, 535 (Ill. 2000)) (holding defendant waived § 2-202 affirmative defense). Here, pleading § 2-102's "willful and

wanton conduct" defense raises the level of culpability Jones must prove on all of her negligence-based state law claims, from ordinary negligence to a more demanding standard—albeit one that resists rigid doctrinal formulation. *See Ziarko v. Soo Line R.R.*, 641 N.E.2d 402, 406 (Ill. 1994) (discussing Illinois case law on the differences between ordinary negligence and willful and wanton conduct and stating that "willful and wanton conduct is generally considered in that area of fault between ordinary negligence and actual malice. In view of the fact that it is a matter of degree, a hard and thin line definition should not be attempted." (quoting *Myers v. Krajefska*, 134 N.E.2d 277, 280 (Ill. 1956)) (alteration omitted)); 745 ILCS 1 10/2-210 (defining "willful and wanton conduct" as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property"). So the bar would be raised on all of Jones' state law claims, and fact discovery under the ordinary negligence standard took over a year. Accordingly, the court credits the representations of Jones' counsel that many depositions would need to be retaken. Indeed, the representations of counsel must be taken seriously because they are subject to the requirements, and penalties, of Federal Rule of Civil Procedure 11. The Sheriff has not carried its "burden of proof in showing that no prejudice will result to the non-moving party." *King*, 26 F.3d at 724 (citing *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 353 (7th Cir. 1992)).

## Conclusion

For the reasons stated, the court concludes that permitting the Sheriff to plead a defense under § 2-202 of the Illinois Tort Immunity Act after more than a year would result in undue delay and prejudice by unjustifiably delaying any trial and by saddling Jones with the significant costs, measured in money and time, of redeposing the lion's share of the witnesses. Accordingly,

the Sheriff's motion for leave to amend its answer, ECF No. 39, is denied. A status conference is set for December 14, 2018, at 9:30 a.m.


Date: December 6, 2018
/s/
Joan B. Gottschall
United States District Judge